GERALD J. MCMAHON
ATTORNEY AT LAW
THE STANDARD OIL BUILDING
26 BROADWAY, 18TH FLOOR
NEW YORK, NEW YORK 10004

(212) 797-1877 (TEL)
(212) 797-1419 (FAX)
gm@geraldjmcmahon.com (E-MAIL)

WEBSITE
www.geraldjmcmahon.com

LEGAL ASSISTANT
Cassandra Lapal Williams

January 14, 2015

By ECF & Email

The Honorable Katherine Polk Failla
United States District Judge
United States Courthouse
40 Foley Square, Room 2103
New York, New York 10007

    Re: United States v. Eddie Mateus
        14 Cr. 504 (KPF)

Dear Judge Failla:

I write in brief reply to the government's opposition, dated January 9, 2015 ("Gov't. Memo."), to defendant's motion for release on bail.

The Government's Factual Proffer is Suspect

As an initial matter, in our moving papers we referenced the sworn statement of case agent John Reynolds in an affidavit submitted to a Federal judge in support of a search warrant, wherein Reynolds claimed under penalty of perjury that there were several "trips by Mateus to Venezuela to get drugs". (Deft. Memo. at 6.) We stated flatly and unequivocally that "Eddie Mateus has never been to Venezuela." *Id*. at 7 (emphasis in original). In a sheepish response, buried in a footnote, the government admitted the sworn false statement:

> The defendant states that he has never been to Venezuela. After re-consulting with the Department of Homeland Security, the Government has determined that while plane tickets *have been booked* in the past for the defendant to travel to Venezuela, it is not clear that the defendant was on board.

Gov't. Memo. at 10 n.4 (emphasis in original). Notably, the government has not provided, in discovery or as an attachment to its opposition papers, any reports from DHS reflecting such bookings.

In similar fashion, we pointed out in our moving papers how the government claimed at the detention hearing that "there are no records that tie Eddie Mateus to that building

The Honorable Katherine Polk Failla
United States District Judge
January 14, 2015
Page Two

which is the building he lists ...[as his home address] ", while publicly accessible real estate records reflect that defendant and his mother have owned an apartment in that building since the early 1990s. Deft. Memo. at 3. The government's response? Nothing. They ignored it in their opposition papers.

In another example of blatant overstatement, the government in its opposition cited "[t]he seizure of nearly three kilograms of heroin ... on a single day from him [defendant] and his partner ...[Neil Lizardi]". Gov't Memo. at 7. As we have pointed out, again and again, Lizardi had the drugs, on his person and in his apartment. Mateus had no drugs, no gun, no money. Lizardi pled guilty in state court. Mateus was released within hours of his arrest with no charges lodged. If the government actually had any proof that Lizardi and Mateus were partners in crime, Lizardi would have been charged in this indictment. He is not.

The government trumpets cooperators seeing kilograms of drugs in Mateus's apartment. No drugs were ever seized from any apartment of defendant. In its opposition, the government – for the first time – claims that Mateus was involved in an $80,000 money transfer, as well as the $84,000 transfer. Gov't. Memo. at 2. No such money transfer ever occurred.

The defense could go on and on, chipping away at the government's inflated description of its evidence in this case. But in the final analysis, this motion should be decided on whether defendant is an actual risk of flight. He is not.

Mateus is Not a Serious Risk of Flight

*If convicted*, Mr. Mateus is facing a mandatory minimum of ten years in prison, a substantial prison term. That is a powerful incentive to flee, but, we suggest, not powerful enough. Mateus has known, for more than two years, that he was a person of interest in a Federal narcotics investigation. Agents twice pulled him aside and told him: cooperate with us or you will be arrested and you will be detained. Mateus did not flinch, or flee. He and his family have expended significant sums of money hiring counsel and an investigator to fight this case. His family is going to post houses to secure his bail. He is not going to run away and be responsible for his mother, daughter, brother, wife and their newborn being put into the street. It's just not going to happen and the other bail conditions, such as electronic bracelet with GPS and strict pretrial supervision, are a further guarantee of compliance with all bail requirements.

GERALD J. MCMAHON

The Honorable Katherine Polk Failla
United States District Judge
January 14, 2015
Page Three


  This will be a difficult case to defend and prepare for trial. Title III applications to be reviewed for motion practice. Many, many hours of recordings to listen to, some of which are nearly inaudible. Having the defendant available to meet with us – in our offices rather than in the cramped confines of MCC – will make all the difference in the world. This Court should grant release on bail.

Very truly yours,

*[signature]*

Gerald J. McMahon

GJM:cw
cc: AUSA Russell Capone
  Raymond J. Aab, Esq.
   (by ECF & email)